# EXHIBIT B

The examiner should not inquire of the patent applicant concerning the inventors and the invention dates for the subject matter of the various claims until *it becomes necessary* to do so in order to properly examine the application.

If an application is filed with joint inventors, the examiner should assume that the subject matter of the various claims was commonly owned at the time the inventions covered therein were made, unless there is evidence to the contrary. If inventors of subject matter, not commonly owned at the time of the later invention, file a joint application, applicants have an obligation pursuant to 37 CFR 1.56 to point out the inventor and invention dates of each claim and the lack of common ownership at the time the later invention was made in order that the examiner may consider the applicability of 35 U.S.C. 102(e)/103, 35 U.S.C. 102(f)/103 or 35 U.S.C. 102(g)/103. The examiner should assume, unless there is evidence to the contrary, that applicants are complying with their duty of disclosure. It should be pointed out that 35 U.S.C. 119(a) benefit may be claimed to any foreign application as long as the U.S. named inventor was the inventor of the foreign application invention and 35 U.S.C. 119(a)-(d) requirements are met. Where two or more foreign applications are combined in a single U.S. application, to take advantage of the changes to 35 U.S.C. 103 or 35 U.S.C. 116, the U.S. application may claim benefit under 35 U.S.C. 119(a) to each of the foreign applications provided all the requirements of 35 U.S.C. 119(a)-(d) are met. One of the conditions for benefit under 35 U.S.C. 119(a) is that the foreign application must be for "the same invention" as the application in the United States. Therefore, a claim in the U.S. application which relies on the combination of prior foreign applications may not be entitled to the benefit under 35 U.S.C. 119(a) if the subject matter of the claim is not sufficiently disclosed in the prior foreign application. *Cf. Studiengesellschaft Kohle m.b.H. v. Shell Oil Co.*, 112 F.3d 1561, 42 USPQ2d 1674 (Fed. Cir. 1997). For example:

> If foreign applicant A invents X and files a foreign application; foreign applicant B invents Y and files separate foreign application. A+B combine inventions X+Y and A and B are proper joint inventors under 35 U.S.C. 116 and file U.S. application to X+Y. The U.S. application may claim benefit under 35 U.S.C. 119(a) to each of the foreign applications provided the requirements of 35 U.S.C. 119(a)-(d) are met.

## 606    Title of Invention   [R-5]

*37 CFR 1.72. Title and abstract.*

   (a) The title of the invention may not exceed 500 characters in length and must be as short and specific as possible. Characters that cannot be captured and recorded in the Office's automated information systems may not be reflected in the Office's records in such systems or in documents created by the Office. Unless the title is supplied in an application data sheet (§ 1.76), the title of the invention should appear as a heading on the first page of the specification.

*****

The title of the invention should be placed at the top of the first page of the specification unless it is provided in the application data sheet (see 37 CFR 1.76). The title should be brief but technically accurate and descriptive and should contain fewer than 500 characters. Inasmuch as the words >"new,"< "improved," "improvement of," and "improvement in" are not considered as part of the title of an invention, these words should not be included at the beginning of the title of the invention and will be deleted when the Office enters the title into the Office's computer records, and when any patent issues. >Similarly, the articles "a," "an," and "the" should not be included as the first words of the title of the invention and will be deleted when the Office enters the title into the Office's computer records, and when any patent issues.<

## 606.01    Examiner May Require Change in Title [R-2]

Where the title is not descriptive of the invention claimed, the examiner should require the substitution of a new title that is clearly indicative of the invention to which the claims are directed. Form paragraphs 6.11 and 6.11.01 may be used.

¶ *6.11 Title of Invention Is Not Descriptive*

The title of the invention is not descriptive. A new title is required that is clearly indicative of the invention to which the claims are directed.

**Examiner Note:**

If a change in the title of the invention is being suggested by the examiner, follow with form paragraph 6.11.01.

¶ *6.11.01 Title of Invention, Suggested Change*

The following title is suggested: " **[1]**"

Case 6:20-cv-00457-ADA   Document 45-2   Filed 01/08/21   Page 3 of 3

This may result in slightly longer titles, but the loss in brevity of title will be more than offset by the gain in its informative value in indexing, classifying, searching, etc. If a satisfactory title is not supplied by the applicant, the examiner may, at the time of allowance, change the title by examiner's amendment. If the change in the title is the only change being made by the examiner at the time of allowance, >and the application is maintained in paper,< a separate examiner's amendment need not be prepared. The examiner is to indicate the change in the title on the file label (or bib-data sheet in 09/ series applications) using BLACK ink and place his or her initials and the date in the margin. >For Image File Wrapper (IFW) applications, informal examiner's amendments are not permitted and a separate examiner's amendment must be prepared, and a copy of the bib-data sheet must be added to the IFW.< When the Technology Center (TC) technical support staff prepares the application for issue and sees that the title has been changed, the TC technical support staff will make the required change in >the Office computer record systems<.

# 607    Filing Fee [R-5]

Patent application filing fees are set in accordance with 35 U.S.C. 41 and are listed in 37 CFR 1.16.

## I.    BASIC FILING, SEARCH, AND EXAMINATION FEES

The Consolidated Appropriations Act, 2005 (Consolidated Appropriations Act), effective December 8, 2004, provides for a separate filing fee, search fee, and examination fee during fiscal years 2005 and 2006. For nonprovisional applications filed under 35 U.S.C. 111(a) on or after December 8, 2004 (including reissue applications), the following fees are required: basic filing fee as set forth in 37 CFR 1.16(a)(1), (b)(1), (c)(1) or (e)(1); search fee as set forth in 37 CFR 1.16(k), (l), (m), or (n); examination fee as set forth in 37 CFR 1.16(o), (p), (q), or (r); application size fee, if applicable (see subsection II. below); and excess claims fees, if applicable (see subsection III. below).

For nonprovisional applications filed under 35 U.S.C. 111(a) before December 8, 2004 (including reissue applications), the following fees are required: basic filing fee as set forth in 37 CFR 1.16(a)(2), (b)(2), (c)(2) or (e)(2)); and excess claims fees, if applicable (see subsection III. below). No search and examination fees are required for nonprovisional applications filed under 35 U.S.C. 111(a) before December 8, 2004.

The basic filing, search and examination fees are due on filing of the nonprovisional application under 35 U.S.C. 111(a). These fees may be paid on a date later than the filing date of the application provided they are paid within the time period set forth in 37 CFR 1.53(f) and include the surcharge set forth in 37 CFR 1.16(f). For applications filed on or after December 8, 2004 but prior to July 1, 2005, which have been accorded a filing date under 37 CFR 1.53(b) or (d), if the search and/or examination fees are paid on a date later than the filing date of the application, the surcharge under 37 CFR 1.16(f) is not required. For applications filed on or after July 1, 2005, which have been accorded a filing date under 37 CFR 1.53(b) or (d), if any of the basic filing fee, the search fee, or the examination fee are paid on a date later than the filing date of the application, the surcharge under 37 CFR 1.16(f) is required.

For provisional applications filed under 35 U.S.C. 111(b), the basic filing fee set forth in 37 CFR 1.16(d) is required. The basic filing fee is due on filing of the provisional application, but may be paid later, if paid within the time period set forth in 37 CFR 1.53(g) and accompanied by payment of a surcharge as set forth in 37 CFR 1.16(g).

For international applications entering the national stage under 35 U.S.C. 371, see 37 CFR 1.492 for the required fees. See also MPEP § 1893.01(c).

See also MPEP § 1415 for reissue application fees.

## II.    APPLICATION SIZE FEE

The Consolidated Appropriations Act also provides for an application size fee. 37 CFR 1.16(s) sets forth the application size fee for any application (including any provisional applications and any reissue applications) filed under 35 U.S.C. 111 on or after December 8, 2004 the specification >(including claims)< and drawings of which, excluding a sequence listing or computer program listing filed in an electronic medium in compliance with the rules (see 37 CFR 1.52(f)), exceed 100 sheets of paper. The application size fee does not apply to any applications filed before December 8, 2004. The application size fee applies