IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | CIVIL ACTION 6:20-cv-00454-ADA |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-cv-00455-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-cv-00456-ADA |
| Plaintiff, | § | CIVIL ACTION 6:20-cv-00457-ADA |
| | § | CIVIL ACTION 6:20-cv-00458-ADA |
| | § | CIVIL ACTION 6:20-cv-00459-ADA |
| | § | CIVIL ACTION 6:20-cv-00460-ADA |
| v. | § | CIVIL ACTION 6:20-cv-00461-ADA |
| | § | CIVIL ACTION 6:20-cv-00462-ADA |
| | § | CIVIL ACTION 6:20-cv-00463-ADA |
| | § | CIVIL ACTION 6:20-cv-00464-ADA |
| | § | CIVIL ACTION 6:20-cv-00465-ADA |
| MICROSOFT CORPORATION, | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**ORDER DENYING DEFENDANT MICROSOFT'S
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Came on for consideration this date is Defendant Microsoft Corporation's Motion to Transfer Venue to the Austin Division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a).[1]

After careful consideration of the Motions, the Parties' briefs, and the applicable law, the Court **DENIES** Defendant Microsoft's Motion, for the reasons described below.

**I. INTRODUCTION**

A party seeking transfer to an allegedly more convenient forum carries a significant burden. *Babbage Holdings, LLC v. 505 Games (U.S.), Inc.*, No. 2:13-CV-749, 2014 U.S. Dist. LEXIS 139195, at *13–14 (E.D. Tex. Oct. 1, 2014) (stating the movant has the "evidentiary burden" to establish that the "desired forum is clearly more convenient than the forum where the case was filed"). Microsoft does not contest that venue is proper in the Waco Division of the

---

[1] Defendant Microsoft filed identical motions in each of twelve infringement actions between the Parties. Unless otherwise noted, cites in this order refer to the docket in Case No. 6:20-cv-00454-ADA.

1

Western District of Texas. *See generally*, Pl.'s Resp., ECF No. 32, at 2. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *In re Volkswagen, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). Microsoft moved to have this case transferred intra-district to the Austin Division of the Western District of Texas. This Court finds that Microsoft failed to carry its burden and show that the Austin Division is a clearly more convenient venue.

## II. LEGAL STANDARD

Title 28 U.S.C. Section 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The moving party carries the burden of showing good cause. *Volkswagen II*, 545 F.3d at 314 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue. *Volkswagen II*, 545 F.3d at 312. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir.

2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 313 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue stature, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007) (describing the movant's burden under Section 1404(a) as "heavy").

### III. BACKGROUND

Microsoft is incorporated in the state of Washington with its corporate headquarters located in Redmond, Washington. Def.'s Mot., ECF No. 31, at 5. Microsoft has operations in the district, but it "has no facilities or operations in the Waco Division." *Id.* Conversely, Plaintiff

WSOU, d/b/a Brazos Licensing and Development, is a Delaware limited liability corporation with its principal place of business in Waco, Texas, less than two blocks from the Waco Division Courthouse. Pl.'s Compl., ECF No. 1, at ¶ 2.

WSOU brought suit against Microsoft in twelve separate actions, filing all complaints on June 2, 2020. The twelve complaints allege patent infringement of twelve different United States patents.[2] The asserted patents relate to varying technologies.[3]

On October 10, 2020, Microsoft filed this motion to transfer venue under 28 U.S.C. § 1404(a) in each of the twelve actions requesting that the cases be transferred intra-district to the Austin Division of the Western District of Texas. *See* Def.'s Mot. Microsoft filed the exact same motion in each of the twelve actions.[4]

## IV. ANALYSIS

The threshold determination in the Section 1404 analysis is whether this case could have been brought in the destination venue, the Austin Division of the Western District of Texas. Neither party contests the fact that venue is proper in the Austin Division and that this case could have been brought there.

---

[2] In Case No. 20-cv-00454, WSOU asserts U.S. Patent No. 7,366,160. In Case No. 20-cv-00455, WSOU asserts U.S. Patent No. 9,814,988. In Case No. 20-cv-00456, WSOU asserts U.S. Patent No. 7,676,550. In Case No. 20-cv-00457, WSOU asserts U.S. Patent No. 8,965,978. In Case No. 20-cv-00458, WSOU asserts U.S. Patent No. 7,388,868. In Case No. 20-cv-00459, WSOU asserts U.S. Patent No. 7,750,286. In Case No. 20-cv-00460, WSOU asserts U.S. Patent No. 8, 625,758. In Case No. 20-cv-00461, WSOU asserts U.S. Patent No. 7,106,702. In Case No. 20-cv-00462, WSOU asserts U.S. Patent No. 7,106,727. In Case No. 20-cv-00463, WSOU asserts U.S. Patent No. 8,226,241. In Case No. 20-cv-00464, WSOU asserts U.S Patent No. 7,706,519. In Case No. 20-cv-00465, WSOU asserts U.S. Patent No. 8,274,902.

[3] The asserted patents and WSOU's claim for infringement of each of the asserted patents are discussed fully in WSOU's complaints in each of the twelve actions.

[4] Case No. 20-cv-00454, ECF No. 31; Case No. 20-cv-00455, ECF No. 27; Case No. 20-cv-00456, ECF No. 28; Case No. 20-cv-00457, ECF No. 27; Case No. 20-cv-00458, ECF No. 29; Case No. 20-cv-00459, ECF No. 27; Case No. 20-cv-00460, ECF No. 29; Case No. 20-cv-00461, ECF No. 29; Case No. 20-cv-00462, ECF No. 29; Case No. 20-cv-00463, ECF No. 27; Case No. 20-cv-00464, ECF No. 29; Case No. 20-cv-00465, ECF No. 29.

### A. The Private Interest Factors Weigh Against Transfer.

*i. The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, 2019 WL 4743678, at *2. "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345). Here, the Court finds that the location of documentary evidence weighs slightly against transfer.

Microsoft claims that the critical point here is that none of the relevant evidence is in the Waco Division and that any relevant Microsoft evidence is located in Redmond, Washington. Def.'s Mot. at 8–9. WSOU aptly points out that no relevant Microsoft evidence is located in the Austin Division either. Pl.'s Resp. at 5. The presence of relevant documentary evidence in the state of Washington is irrelevant when comparing the relative ease of access between the Waco and Austin Divisions. *See In re Toyota Motor Corp.*, 747 F.3d at 1341 ("the comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums.").

In determining this factor, a court must conduct "an appropriate comparison of the ease of access to sources of proof in the two forums." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). Since all relevant Microsoft evidence is in Redmond, Washington, there is no relative distinction of ease of access between Waco and Austin.

While the focus in patent infringement cases is on the location of the defendant's documents, some weight must still be given to location of the plaintiff's documents. WSOU claims to keep its sources of proof at its office in Waco. Pl.'s Resp. at 5. Microsoft points out that only a small percentage of the total relevant documents of both parties are located in Waco. Def.'s Reply at 1. The Court notes that neither party has identified any documentary evidence with any particularity, nor stated the relevance of any documents. Microsoft vaguely states that "any relevant Microsoft evidence is located in Redmond, Washington." Def.'s Mot. at 8. Similarly, WSOU states that "there are relevant documents in Waco" and "WSOU keeps its sources of proof at its office in Waco." Pl.'s Resp. at 5. Simply stating that there are generalized documents in a certain location, without more, carries little weight. Both parties would be keen to identify documents with more particularity to help the Court identity the relevant sources of proof. Nevertheless, the only somewhat identifiable documents between the two venues, WSOU's sources of proof, are in Waco. Therefore, the relative ease of access to sources of proof factor weighs slightly against transfer.

### *ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Both parties agree that this factor is neutral. Def.'s Mot. at 14; Pl.'s Resp. at 5–6. The Court also agrees.

### *iii. The Cost of Attendance for Willing Witnesses*

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 WL 4743678, at *6. The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "Courts properly give more weight to the convenience of non-party witnesses than to party witnesses." *Netlist*, No. 6:20-cv-00194-ADA at

13; *see Moskowitz Family LLC v. Globus Med., Inc.*, No. 6:19-cv-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020). Here, the Court finds that the cost of attendance for willing witnesses weighs against transfer.

As a preliminary matter, given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at trial. *Fintiv*, 2019 WL 4743678, at *6. Rather, in addition to the party's experts, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial. *Id.* Therefore, long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor. *Id.*

Microsoft states that the overwhelming majority of potentially relevant Microsoft witnesses are located in Redmond, Washington. Def.'s Mot. at 9. All strategic decision making regarding the accused products occurs in the state of Washington. *Id.* However, between party and non-party key witnesses, a court should give greater weight to the availability and convenience of non-party key witnesses. *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F.Supp. 1392, 1397 (S.D. Tex. 1992). Where, as here, the key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial. *Id.* Furthermore, non-party witnesses are given more weight because they often have to cover their own costs of attendance. As such, the fact that most of the potentially relevant Microsoft party witnesses are located in Washington, carries little weight.

Moreover, this Court has previously held that, overall, the Austin and Waco Divisions are equally convenient for out-of-state witnesses when considering travel time and hotel costs. *VSLI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019). In *VSLI v. Intel*, this Court conceded that an Austin venue would save out-of-state

witnesses up to an hour of travel time and that Austin hotels are significantly more expensive than Waco hotels. *Id.* Nevertheless, overall, this Court held that the Austin and Waco Divisions are equally convenient for out-of-state witnesses. *Id.* As such, Microsoft's argument that Austin is more convenient for out-of-state witnesses because there are direct flights to Austin and not to Waco carries little weight.

Microsoft goes on to state that there are "absolutely no potentially relevant Microsoft witnesses in Waco" while implying that there are potentially relevant Microsoft witnesses in Austin who are members of relevant sub-organizations at Microsoft. Def.'s Mot. at 9–10. The Court notes that Microsoft fails to adequately identify whether any of these members of alleged relevant sub-organizations are likely to testify, nor if they have any relevant information that makes them potential witnesses. The Court agrees with WSOU that Microsoft offers only enough information on in-state witnesses to support mere speculation that there might be potential Microsoft witnesses in Austin. Pl.'s Resp. at 7. This mere speculation is not enough to shift this factor in favor of transfer.

The Fifth Circuit's 100-mile rule states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue § 1404(a) is more than 100 miles, the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (quoting *Volkswagen I*, 371 F.3d at 204–05). The corollary of the 100-mile rule is that when the distance between existing venue and proposed venue is less than 100 miles, the factor of inconvenience of witnesses decreases in direct relationship to the lessened distance to be traveled. Because the distance between Waco and Austin is less than 100 miles, there is no significant difference in

**B. The Public Interest Factors Weigh Against Transfer.**

### *i. Administrative Difficulties Flowing from Court Congestion*

The relevant inquiry under this factor is "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). A faster average time to trial means a more efficient and economical resolution of the claims at issue. Microsoft offers no evidence showing that the present case will be tried faster in the Austin Division than in the Waco Division.

WSOU argues that Austin has one of the highest caseloads per judge in the country which distorts the overall WDTX time-to-trial which is not representative of the time-to-trial in the Waco Division. Pl.'s Resp. at 9. Furthermore, WSOU points out that the Waco Division has a patent-specific Order Governing Proceedings which can greatly expediate the speed with which a case can come to trial and be resolved. *Id.* Given the congested Austin Division and a patent familiar Waco Division, this factor weighs against transfer.

### *ii. Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). This factor weighs against transfer.

Microsoft alleges that the Austin Division has a stronger localized interest than the Waco Division since Microsoft has a presence in Austin and no presence in Waco, while WSOU only has a superficial presence in Waco. Def.'s Mot. at 14. WSOU responds by asserting that it is headquartered in Waco and has significant roots in the Waco community, as evidenced by its

numerous dealings with local businesses and with Baylor University. Pl.'s Resp. at 8. Additionally, WSOU is doing business as "Brazos Licensing and Development" indicating a connection with Waco and the Brazos River which flows through Waco. Overall, the strongest factual connection between either venue is that WSOU is headquartered in Waco. Therefore, the Waco Division has a stronger localized interest than the Austin Division. This factor weighs against transfer.

### iii. Familiarity of the Forum with the Law That will Govern the Case

Microsoft argues that both Divisions are familiar with and equally capable of applying federal patent laws rendering this factor neutral. Def.'s Mot. at 15. WSOU responds that this Court has a greater familiarity with patent laws and patent specific rules, as evidenced by the standing orders specific to patent law and procedure. Pl.'s Resp. at 10. The Court agrees that the Waco Division is more familiar with patent law, yet has no doubt that both Divisions are equally capable of applying federal patent law. Therefore, this factor is neutral.

### iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Both parties agree that this factor is neutral. Def.'s Mot. at 15; Pl.'s Resp. at 10. The Court also agrees.

## V. CONCLUSION

Having found that the relative ease of access to sources of proof factor weighs slightly against transfer, the cost of attendance of willing witnesses factor weighs against transfer, administrative difficulties flowing from court congestion weighs against transfer, the local interest in having localized interests decided at home factor weighs against transfer, and all other factors being neutral, the Court finds that Microsoft has not met its heavy burden to demonstrate that the Austin Division is "clearly more convenient." *See Volkswagen II*, 545 F.3d at 314 n.10;

*QR Spex*, 507 F. Supp. 2d at 664. Therefore, because the Court finds that Microsoft has not demonstrated that the Austin Division is a clearly more convenient venue than the Waco Division, the Court **DENIES** Microsoft's Motion to Transfer.

SIGNED this 7th day of April, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE