PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>Defendant. | CASE NO. 6:20-CV-00454-ADA<br>CASE NO. 6:20-CV-00457-ADA<br>CASE NO. 6:20-CV-00460-ADA<br>CASE NO. 6:20-CV-00461-ADA<br>CASE NO. 6:20-CV-00463-ADA<br>CASE NO. 6:20-CV-00464-ADA<br>CASE NO. 6:20-CV-00465-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF BRAZOS LICENSING AND DEVELOPMENT'S SURREPLY IN OPPOSITION TO DEFENDANT MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION OF ITS MOTION TO TRANSFER VENUE TO AUSTIN DIVISION**

## ARGUMENT

Microsoft filed an improper motion for reconsideration eleven months after this Court denied its motion to transfer venue arguing that it could meet the standard for reconsideration under Federal Rule of Civil Procedure 59(e) articulated in *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). *See* Mot. for Recons. of Mot. to Transfer Venue ("Mot. for Recons.") (Mar. 18, 2022), Dkt. -454 ECF No. 123 at 1, 8 (citing *Benjamin Moore*, 318 F.3d at 629). That standard requires the movant to show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Benjamin Moore*, 318 F.3d at 629.

Microsoft's belated attempt relied on (1) recent Federal Circuit opinions that it claims support transfer to the Austin Division under the 28 U.S.C. § 1404(a) factors; and (2) "new evidence" that purportedly shows the transferee forum to be "clearly more convenient" than Brazos' original forum choice. Microsoft could not meet that standard. First, the opinions relied on did not shift the legal landscape as explained in Brazos' opposition. Second, the new evidence is not new, could have been presented many months ago, and does not alter the weighing of the § 1404(a) factors.

Recognizing that its reconsideration efforts were misdirected from the start, Microsoft pivots on reply and now claims for the first time that it brought the motion pursuant to Federal Rule of Civil Procedure 54(b), which provides that interlocutory orders may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). *See* Reply in Supp. of Mot. for Recons. of Mot. to Transfer Venue ("Reply") (April 8, 2022), Dkt. -454 ECF No. 130 at 1, 2 (citing Rule 54(b)). Microsoft also cites *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017), for the first time to advocate that a different and more lenient standard under Rule 54(b) should apply. Reply at 1.

2

Brazos objects to Microsoft's shifting sands-approach as it grasps for bases to undo this Court's prior order. But it does not change the result. Under Rule 54(b), this Court is permitted to reverse its interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Nonetheless:

> So long as courts recognize that they have the discretion to grant reconsideration even in the absence of any such showing, the flexible approach permits them to require a showing of one of the following factors to justify reconsideration: ***an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice. In many circumstances, the absence of such showing would exhibit no injustice to denying reconsideration***.

*United States v. 89.9270303 Bitcoins*, No. SA-18-CV-0998-JKP, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021) (emphasis added); *see also S.L.V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *5 (W.D. Tex. Jan. 25, 2021) (same).

The same considerations underlying Rule 59 also inform a court's analysis of a motion for reconsideration under Rule 54(b). *See Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d 367, 380 (N.D. Tex. 2020) (explaining that the "guideposts [provided under Federal Rules of Civil Procedure 59 and 60] are informative to the Court's reconsideration of a pre-final-judgment order"); *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 481 (N.D. Tex. 2016) ("Even though the standard for evaluating a motion to reconsider under Rule 54(b) would appear to be less exacting than that imposed by Rules 59 and 60, considerations similar to those under Rules 59 and 60 inform the court's analysis.") (cleaned up).

Put simply, the factors Microsoft advanced as the bases for reconsideration of its original motion are the same ones that demonstrate why Microsoft's motion fails even under a discretionary standard. None of Microsoft's arguments provide a compelling reason for this Court to revisit its now nearly year-old order.

First, there has been neither a clarification of substantive law nor an intervening change in controlling law. The "recently-updated Federal Circuit guidance" cited by Microsoft in its reply, *see* Reply at 2, does not clarify, but rather restates long-standing Federal Circuit law. Nowhere in *In re Netflix*, for example, does the Federal Circuit claim to clarify substantive law. No. 22-110, 2022 WL 167470, at *2 (Fed. Cir. Jan. 19, 2022). Rather, the Federal Circuit states that it "ha[s] explained" that convenience of witnesses is the most important factor in the transfer analysis, citing to the thirteen-year-old case, *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). *Netflix*, 2022 WL 167470, at *2.

Second, the central inquiry under 28 U.S.C. § 1404(a) remains unchanged even when evaluated under a discretionary standard. The purportedly new facts uncovered during discovery do not "clearly favor" Austin under the § 1404(a) analysis. *See* Opp'n to Mtn. for Recons. of Mtn. to Transfer Venue ("Opp'n") (April 1, 2022), Dkt. -454 ECF No. 126 at 8-15. The local-interest factor, which Microsoft spills most ink over in its reply, does not clearly favor Austin. It remains the case that there are no employees who have worked on the design, development, and marketing of the accused products and services in Austin. As the exhibits cited to by Brazos in its opposition illustrate, Brazos is headquartered in Waco and *has* rooted itself in Waco. *See, e.g.*, Decl. of Kalpana Srinivasan in Supp. of Opp'n to Mot. for Recons. ("Srinivasan Decl."), Dkt. -454 ECF. No. 127, Ex. 2 at 16:14-23 (explaining that Waco relies on a Waco-based company for document maintenance and storage); Srinivasan Decl. Ex. 3 at 125:22-25 (confirming that two of five Brazos

employees work in Waco at Brazos' headquarters), 128:3–7 (Hogan's testimony that Brazos is engaged in ongoing conversations with Baylor University entities about how Brazos could lend itself "as experts in the intellectual property space"), 129:15–24 (explaining that there were proposals to work with Startup Waco until COVID interrupted those plans); Srinivasan Decl. Ex. 7 (identifying presentation given by Brazos' Managing Director Matt Hogan at Baylor Law on filing and prosecuting patents on October 19, 2021).

Finally, the discretion afforded to the Court under Rule 54(b) does not make Microsoft's motion for reconsideration timely for the reasons identified by Brazos in its opposition. *See* Opp'n at 2-6.  Mr. Hogan was deposed in September 2021 and Microsoft's reconsideration motion came six months later. *See Opp'n* at 4.  That Microsoft identified Mr. Shanus and Mr. Etchegoyen as residing in Los Angeles and Hawaii respectively in its original motion to transfer venue remains unchanged. *See id.*  The debate over whether Skype for Business is accused is inconsequential: Microsoft at no stage of this litigation represented that any Skype or Teams personnel related to these specific cases might be in Texas.  Applying a discretionary lens here does nothing to change the facts underlying the timeliness analysis. *See Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) ("[A] district court's broad discretion under rule 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.").

## CONCLUSION

This is not the rare case where the Court should exercise its discretion to reconsider and grant Microsoft's now year-old transfer motion.  Microsoft's motion should be denied.

Dated: April 13, 2022                    Respectfully submitted,

                                         SUSMAN GODFREY L.L.P.


                                         By: */s/ Kalpana Srinivasan*
                                             Kalpana Srinivasan
                                             California Bar No. 237460
                                             Anna Catherine Coll *(pro hac vice)*
                                             California Bar No. 337548
                                             1900 Avenue of the Stars, 14th Floor
                                             Los Angeles, California 90067-6029
                                             Telephone: (310) 789-3100
                                             Fax: (310) 789-3150
                                             ksrinivasan@susmangodfrey.com
                                             acoll@susmangodfrey.com

                                             J. Hoke Peacock III
                                             Texas Bar No. 15673980
                                             Max L. Tribble, Jr.
                                             Texas Bar No. 2021395
                                             Shawn Blackburn *(pro hac vice)*
                                             Texas Bar No. 24089989
                                             1000 Louisiana Street, Suite 5100
                                             Houston, Texas 77002-5096
                                             Telephone: (713) 651-9366
                                             Fax: (713) 654-6666
                                             tpeacock@susmangodfrey.com
                                             mtribble@susmangodfrey.com
                                             sblackburn@susmangodfrey.com

                                             Elizabeth Aronson *(pro hac vice)*
                                             New York Bar No. 5704432
                                             1301 Avenue of the Americas, 32nd Floor
                                             New York, New York  10019
                                             Telephone: (212) 336-8330
                                             Fax: (212) 336-8340
                                             baronson@susmangodfrey.com

                                             Mark D. Siegmund
                                             State Bar No. 24117055
                                             **STECKLER WAYNE CHERRY & LOVE, PLLC**
                                             8416 Old McGregor Road
                                             Waco, Texas   76712
                                             Telephone:  (254) 651-3690
                                             Facsimile:   (254) 651-3689
                                             mark@swclaw.com

**COUNSEL FOR PLAINTIFF WSOU
INVESTMENTS, LLC D/B/A BRAZOS
LICENSING AND DEVELOPMENT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 13, 2022, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

/s/ *Kalpana Srinivasan*
Kalpana Srinivasan
Counsel for Plaintiff